ANAHMA REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24709.   Promulgated May 28, 1929.

*Virgil Y. Moore, Esq., A. T. Smith, Esq.,* and *William Dickinson Hart, Esq.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

750

OPINION.

LITTLETON: This proceeding raises again the question decided by the Board in *Charles N. Manning*, 7 B. T. A. 286. There we held that lessors, under a 99-year lease, were not entitled to deduct the unextinguished cost of a building as a loss in the year of demolition, such building being demolished to make way for a new building paid for by the lessee under the terms of the lease. In this proceed-

ing we have a lessor claiming a similar deduction on account of the demolition of buildings in 1920 by the lessee under a long-term lease, such lease providing for the demolition by the lessee and the erection of a new building. The petitioner concedes that the facts are similar but asks us to reconsider the question.

We find no reason for departing from the decision reached in *Charles N. Manning, supra,* and on the authority of the decision of the Board in that proceeding, the determination of the Commissioner is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

SIEFKIN, dissenting: It seems to me that the majority opinion, which follows the *Manning* case, is an attempt to apply an inflexible rule of law to a considerable group of cases which involve a number of questions, the answers to which depend upon the particular facts of those cases. The decisions in the *Manning* case and in the *Ingle* case, 1 B. T. A. 595, give approval, in part at least, to article 142 of Regulations 45, which creates a presumption as follows:

\* \* \* When a taxpayer buys real estate upon which is located a building which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of the old building, and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building.

It seems to me that the matter is not one for presumption but depends upon the facts. I also object to presuming that the intent at the date of purchase is irrevocable and fixes the basis for tax liability. See *Heiner* v. *Tindle,* 276 U. S. 582.

In deciding the question involved in this proceeding, it is well to consider the closely related question of realization of income by the lessor, in a case where he permits a lessee to tear down old buildings to make way for new ones, as such question relates to the further question whether the lessor suffers a taxable loss in such a case, as well as the difficult questions dealing with depreciation and undepreciated cost under such circumstances. The problems raised are entirely too complicated and far-reaching in their consequences to be dealt with by the use of a formula such as that contained in the regulations which are approved in the majority opinion.

STERNHAGEN agrees with this dissent.